<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTH HICKS, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 16-0927-BRM-LHG |
| STATE OF NJ DEPARTMENT OF CORRECTIONS, MAJOR GERALD CALDARISE, and LIEUTENANT BERNARD WILLIE, | : **OPINION** |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are two Motions to Dismiss (ECF Nos. 28 & 43) Count III of Plaintiff Martha Hicks' ("Plaintiff") First Amended Complaint (the "FAC") (ECF No. 21). Defendant State of New Jersey Department of Corrections (the "DOC") moves to dismiss with prejudice Plaintiff's claim against it under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-3, et seq., (Count III) as barred by Eleventh Amendment sovereign immunity. (ECF No. 28.) Plaintiff concedes that her NJLAD claim against the DOC is barred by the Eleventh Amendment, but asserts that this claim should be dismissed without prejudice rather than with prejudice. (ECF No. 31.) Defendant Major Gerald Caldarise ("Caldarise") (together with the DOC, "Moving Defendants") also asserts that Eleventh Amendment sovereign immunity bars Plaintiff's NJLAD claim (Count III) against him. (ECF No. 43.) Plaintiff opposes Caldarise's Motion, arguing the Eleventh Amendment does not bar NJLAD claims against Caldarise in his personal capacity. (ECF

No. 47.) For the reasons set forth herein, the DOC's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Caldarise's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

### A. Factual Background

For the purposes of these Motions to Dismiss, the Court accepts the factual allegations in the FAC as true and draws all inferences in the light most favorable to Plaintiff.

Plaintiff is a Hispanic female correctional officer employed by the DOC. (ECF No. 21 at ¶¶ 12-14.) Plaintiff brings this action against her employer and her former supervisors at the DOC, Caldarise and Defendant Lieutenant Bernard Willie ("Willie") (collectively, "Defendants") for allegedly discriminating against Plaintiff and creating a hostile work environment on the basis of her race and/or her national origin, as well as for allegedly retaliating against Plaintiff for filing a charge with the Equal Employment Opportunity Commission ("EEOC") complaining of workplace discrimination and hostile work environment. (*Id* at ¶¶ 11-31.) In Count I, Plaintiff asserts a claim against the DOC for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. (*Id* at ¶¶ 32-35.) In Count II, Plaintiff asserts claims against Caldarise and Willie for racial and/or national origin discrimination and retaliation in violation of 42 U.S.C. § 1981, as well as in violation of her right to equal protection under the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983. (*Id* at ¶¶ 36-43.) And, in Count III, Plaintiff asserts claims against the DOC and Caldarise for violations of the NJLAD. (*Id* at ¶¶ 44-47.)

### B. Procedural Background

On October 19, 2015, Plaintiff filed her original Complaint in this matter against the DOC in the Eastern District of Pennsylvania. (ECF No. 1.) The same day, Plaintiff requested pro bono

counsel. (ECF No. 2.) On January 6, 2016, the Honorable L. Felipe Restrepo, U.S.D.J., appointed the law firm of Karpf, Karpf & Cerutti, P.C. to represent Plaintiff for certain limited purposes. (ECF No. 6.) On February 18, 2016, Plaintiff and the DOC stipulated to, and the Honorable J. William Ditter, Jr., U.S.D.J., ordered, the transfer of this matter from the Eastern District of Pennsylvania to the District of New Jersey. (ECF No. 11.)

On March 28, 2016, the DOC moved to dismiss the Complaint. (ECF No. 20.) In response, on April 18, 2016, Plaintiff filed the FAC, which added new factual allegations and joined Caldarise and Willie as new defendants. (ECF No. 21.) On April 19, 2016, the Honorable Michael A. Shipp, U.S.D.J., ruled the FAC was now the operative pleading and terminated the DOC's Motion to Dismiss as moot. (ECF No. 22.) On June 24, 2016, the DOC moved to dismiss Count III (NJLAD) of the FAC on the basis of Eleventh Amendment sovereign immunity, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 28.) On August 9, 2016 this matter was reassigned to the undersigned. (ECF No. 35.) On September 27, 2016, Caldarise also moved to dismiss Count III (NJLAD) of the FAC on the basis of Eleventh Amendment sovereign immunity, pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 43.) Plaintiff opposes the DOC's Motion in part and Caldarise's Motion in its entirety. (ECF Nos. 31 & 47.) Moving Defendants have not filed replies to Plaintiff's opposition.

## II.   LEGAL STANDARD

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S.

3

89, 98-100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v. Pennsylvania Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d. at 891). However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). Here, the Motions to Dismiss are a facial attack, because Moving Defendants assert they are immune from Plaintiff's claims as pled. Therefore, on this question of sovereign immunity, the

Court's review is limited to the allegations in the FAC, which the Court must accept as true and view in the light most favorable to Plaintiff. [1]

### III. DECISION

Moving Defendants assert their rights to sovereign immunity under the Eleventh Amendment bar Plaintiff's NJLAD claims against them, and argue such claims should therefore be dismissed with prejudice. Plaintiff concedes the Eleventh Amendment bars her NJLAD claim against the DOC, but argues that this claim should be dismissed without prejudice. Plaintiff further contends that the Eleventh Amendment has no bearing on her NJLAD claim against Caldarise, because she brings the claim against him in his personal capacity. For the reasons set forth herein, the NJLAD claim against the DOC is dismissed without prejudice and Caldarise's Motion to Dismiss is denied.

#### A. Eleventh Amendment Sovereign Immunity

"That a State may not be sued without its consent is a fundamental rule of jurisprudence." *Pennhurst*, 465 U.S. at 98 (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). This protection is afforded by the Eleventh Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. States are immune from suits in federal court brought

---

[1] The Court notes both Moving Defendants move to dismiss pursuant to Rule 12(b)(6), as well as Rule 12(b)(1). However, because Moving Defendants' sole grounds for dismissal is Eleventh Amendment sovereign immunity, their Motions are only based on lack of jurisdiction pursuant to Rule 12(b)(1) and not failure to state a claim under Rule 12(b)(6). *See Blanciak*, 77 F.3d at 693 n.2; *Frame v. Lowe*, Civ. No. 09-2673 (RBK/AMD), 2010 U.S. Dist. LEXIS 10494, at *26 n.8 (D.N.J. Feb. 8, 2010). The Third Circuit has "cautioned against treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and reaching the merits of the claims." *Gould*, 220 F.3d at 178. Therefore, the Court clarifies that its ruling in this Opinion is made pursuant to Rule 12(b)(1), not Rule 12(b)(6).

by their own citizens, or citizens of other states, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01; *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought . . . .").

The Eleventh Amendment also provides sovereign immunity to agencies, departments, and officials of the state when the state is the real party in interest in the suit. *Alabama v. Pugh*, 438 U.S. 781, 781 (1978); *Pa. Fedn. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d. Cir. 2002); *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). The state is a real party in interest when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting or to compel it to act." *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d. Cir. 1989). "In short, sovereign immunity is appropriate if the named defendant is an arm of the state." *Love v. N.J. State Police*, Civ. No. 14-1313 (FLW)(TJB), 2016 U.S. Dist. LEXIS 69562, at *24-25 (D.N.J. May 26, 2016) (quotations omitted); *see also Chisolm*, 275 F. 3d at 323. State officials in their official capacities are also immune from suit, "because it is merely another way of pleading an action against the state." *Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Here, the parties do not dispute that Eleventh Amendment sovereign immunity applies to claims under the NJLAD. *See Garcia v. Richard Stockton Coll.*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (holding that the Eleventh Amendment bars claims under the NJLAD against the state of New Jersey, because the state has not expressly waived immunity from such claims) (citing N.J.S.A. § 10:5-13); *Rich v. New Jersey*, Civ. No. 14-2075 (FLW)(DEA), 2015 U.S. Dist. LEXIS 61683, at *18 (D.N.J. May 12, 2015) (same). Furthermore there is no dispute that the DOC

qualifies as an "arm of the state" for the purposes of sovereign immunity. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Kelly v. N.J. Dep't of Corr.*, Civ. No. 11-7256 (PGS), 2012 U.S. Dist. LEXIS 175667, at *11 (D.N.J. Dec. 10, 2012) (finding the Eleventh Amendment barred claims against the DOC). Accordingly, Plaintiff's NJLAD claims against the DOC are barred by the Eleventh Amendment.

Additionally, insofar as Caldarise is being sued in his official capacity as an official of the DOC, he also qualifies as an "arm of the state" for the purposes of Eleventh Amendment immunity. However, Plaintiff brings her NJLAD claim against Caldarise solely in his personal capacity, alleging that he is "personally liable" under the NJLAD. (*See* ECF No. 21 at ¶ 46.) "In a suit against state officials in their 'personal' capacity . . . where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) *aff'd* 502 U.S. 21. As such, Plaintiff's NJLAD claim against Caldarise is not barred by Eleventh Amendment sovereign immunity, because Plaintiff seeks recovery from Caldarise's personal assets. Accordingly, because Eleventh Amendment immunity is the only ground on which Caldarise moves to dismiss this claim, his Motion to Dismiss is denied.

### B. Dismissal Without Prejudice

Plaintiff argues that because her NJLAD claim against the DOC is being dismissed pursuant to an Eleventh Amendment bar, it is not an adjudication of the claim on the merits, and therefore it is improper to dismiss the claim with prejudice. "Where a district court lacks subject-matter jurisdiction, its 'disposition of such a case will . . . be without prejudice.'" *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580 (3d Cir. 2007) (quoting *Ray v. Eyster (In re Orthopedic*

*"Bone Screw" Prods. Liab. Litig.)*, 132 F.3d 152, 156 (3d Cir. 1997)). This is because denying relief for want of jurisdiction does not preclude a subsequent action in a court of competent jurisdiction. *Siravo*, 256 F. App'x at 580. Here, although this Court does not have subject-matter jurisdiction over Plaintiff's NJLAD claims, this Opinion does not preclude Plaintiff from bringing these claims in state court. *See* N.J.S.A. § 10:5-13 ("Any complainant may initiate suit in Superior Court under this act . . . ."). Accordingly, Count III against the DOC is denied without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the DOC's Motion to Dismiss (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's NJLAD claim (Count III) against the DOC is **DISMISSED WITHOUT PREJUDICE**. Caldarise's Motion to Dismiss (ECF No. 43) is **DENIED**.


**Date: January 17, 2017**                    */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**